IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHNNY IRONS,<br>　　　　　Petitioner,<br><br>VS.<br><br>DAN JOSLIN, Warden,<br>Federal Correctional Institution–Seagoville,<br>　　　　　Respondent. | §<br>§<br>§<br>§　　Civil Action No. 4:05-CV-0400-Y<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge, as evidenced by his signature hereto, are as follows:

**I.  FINDINGS AND CONCLUSIONS**

*A.  Nature of the Case*

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

*B.  Parties*

Petitioner Johnny Irons, federal prisoner # 26283-077, is confined in the Federal Correctional Institution-Seagoville.

Respondent Dan Joslin is the Warden of the Federal Correctional Institution-Seagoville. No process has been issued on Respondent in this case.

*C.  Factual Background*

On June 24, 1995, Irons was found guilty by a jury of conspiracy to distribute cocaine, and,

on November 21, 1995, he was sentenced to a term of 324 months' incarceration. *See* CM/ECF, Criminal Docket for Case # 4:95-CR-36-11, docket entries for June 24, 1995 & November 21, 1995. Irons appealed his conviction and sentence, but the Fifth Circuit Court of Appeals affirmed the trial court's judgment on February 18, 1997. *Id.*, entry for February 18, 1997. Thereafter, Irons pursued postconviction collateral relief via a § 2255 motion to vacate to no avail. *Id.*, entries for May 18, 1998 & November 24, 1999. On June 16, 2005, Irons filed this petition under § 2241.

*D. Legal Discussion*

Irons challenges his conviction and/or sentence on the basis of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738, 756 (2004).[1]

This Court has the duty to assure that it has jurisdiction over the matters before it and may raise a jurisdictional issue *sua sponte* at any time. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(h)(3).

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See*

---

[1] In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 756-57.

*Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Irons cannot satisfy the first prong of the *Reyes-Requena* test. He fails to cite legal authority or present a factual basis demonstrating that he was convicted of a nonexistent offense. Further, the Fifth Circuit has recently held that *Booker* does not apply retroactively to cases on collateral review. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).[2] *See also In re Elwood*, 408 F.3d

---

[2]Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. July 5, 2005) (No. 05-5187); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 17, 2005) (No. 05-5130); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 31, 2005) (No. 04-10694); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *United States v. Fowler*, 133 Fed. Appx. 922, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (not designated for publication in the
(continued...)

211, 213 (5th Cir. 2005) (holding *Booker* does not apply retroactively on collateral review for purposes of successive motion to vacate under § 2255).  Bound by the law of our circuit, Irons cannot meet the retroactivity requirement.  As such, Irons is precluded from challenging the legality of his conviction or sentence under § 2241.  Thus, the court is without jurisdiction to consider the petition.  *See Padilla*, 416 F.3d at 427; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

## II.  **RECOMMENDATION**

It is therefore recommended that Irons's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 19, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

---

[2](...continued)
Federal Reporter); *In re Hinton*, 125 Fed. Appx. 317, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication in the Federal Reporter).

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 19, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 29, 2005.

/s/ Charles Bleil
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE