IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHNNY IRONS,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO.4:05-CV-400-Y |
| DAN JOSLIN, Warden,<br>FCI-Seagoville,<br>    Respondent. | §<br>§<br>§<br>§ | |

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Johnny Irons under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 29, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 15, 2005.

The Court, after de novo review, concludes that Irons's objections must be overruled, and that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

The magistrate judge correctly concluded that Irons has not shown that he can satisfy the 28 U.S.C. § 2255 "savings clause" test as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001), because he has failed to show that a retroactively applicable Supreme Court decision establishes that he was convicted of a nonexistent offense. Irons's citation to and reliance on the Fourth Circuit's decision in *In re Jones,* 226 F.3d

328 (4th Cir. 2000) is misplaced. The Court in *Jones* found the savings clause was satisfied, in relevant part, when "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."[1] But just as Irons cannot satisfy the similar test applicable in this circuit,[2] because he has not raised a challenge based upon a change in the substantive law applicable to his offense of conviction, he also does not satisfy the *Jones* test. Irons is not authorized to pursue challenges to his sentence under *Blakely v. Washington*[3] and *United States v. Booker*[4] through a petition under 28 U.S.C. § 2241.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Johnny Irons's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED September 19, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] *In re Jones,* 226 F.3d at 334.

[2] *See generally Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005)(rejecting Petitioner's claims that his *Booker* challenge to his sentence met the savings clause test:

> Padilla's claim . . . does not demonstrate that Padilla was convicted of a nonexistent offense and has no effect on whether the facts of his case would support his conviction for the substantive offense. Thus, because Padilla does not attack his conviction and his claims challenge only the validity of his sentence, Padilla's § 2241 petition does not fall within the savings clause of § 2255 and the district court properly dismissed Padilla's § 2241 petition.

[3] 542 U.S. 296, 124 S.Ct. 2531 (2004).

[4] 125 S.Ct. 738 (2005).

2